Matter of State Div. of Human Rights v Austin (2021 NY Slip Op 04197)





Matter of State Div. of Human Rights v Austin


2021 NY Slip Op 04197


Decided on July 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 01, 2021

Before: Renwick, J.P., Gische, Oing, Mendez, JJ. 


Index No. 450930/19 Appeal No. 14156 Case No. 2020-00402 

[*1]In the Matter of State Division of Human Rights, Petitioner,
v
Irene Austin et al., Respondents.


Caroline J. Downey, State Division of Human Rights, Bronx (Michael K. Swirsky of counsel), for petitioner.



Application pursuant to Executive Law § 298 to enforce the order of petitioner State Division of Human Rights (DHR), dated January 17, 2018, which found that respondent Irene Austin subjected respondent Guadalupe Paleta to a hostile work environment in violation of the New York State Human Rights Law, awarded Paleta $5,000 plus interest for mental anguish and humiliation, and assessed a $10,000 civil penalty, plus interest, against Austin due to intentional conduct (transferred to this Court by order of Supreme Court, New York County [Lynn R. Kotler, J.], entered on or about September 12, 2019), unanimously granted, without costs.
DHR's findings that Austin subjected Paleta to a hostile work environment on the basis of her race and national origin, which caused Paleta mental anguish, are supported by "sufficient evidence on the record considered as a whole" (Executive Law § 298; see Matter of State Div. of Human Rights v Bystricky, 30 NY2d 322, 326 [1972]; see also Forrest v Jewish Guild for the Blind, 3 NY3d 295, 310 [2004]). Austin, who "defaulted in this proceeding, obviously failed to rebut a prima facie showing" of a hostile work environment (Matter of New York State Div. of Human Rights v Neighborhood Youth & Family Servs., 102 AD3d 491, 491 [1st Dept 2013]).
The award of damages for mental anguish was appropriate under the circumstances (Executive Law § 297[4][c][iii]; see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 216-217 [1991]). Similarly, DHR providently exercised its discretion by setting the amount of the civil penalty at $10,000, after finding that Austin engaged in intentional harassing and demeaning conduct (Executive Law § 297[4][c][vi]; see Matter of New York State Div. of Human Rights v International Fin. Servs. Group, 162 AD3d 576 [1st Dept 2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2021